UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Master Docket No.:
21 MC 102 (AKH)

IN RE WORLD TRADE CENTER
LOWER MANHATTAN DISASTER
SITE LITIGATION

## Plaintiffs' Liaison Counsel's Memorandum Of Law In Opposition To Defendant Verizon's Motion For a Stay.

This Memorandum of Law is submitted in Opposition to the Motion by Defendant Verizon for a Stay of all claims against Verizon in Dockets 21 MC 102 and 21 MC 103.

The instant motion by Defendant Verizon of New York Inc. ("Verizon") is at least the third application by Verizon for similar relief and or to obtain the same goal, to wit, to avoid participation in the legal proceedings underway in Master Docket 21 MC 102. Verizon originally moved to transfer the cases concerning office cleaners and asbestos workers who were removing debris, construction material and toxins from inside the Verizon building at 140 West Street from Docket 21 MC 102 to 21 MC 100 in early 2006. The net effect of such a transfer would lump these workers together with the cases of construction workers, firemen, etc., who were removing structural debris or searching for victims of the attack at the World Trade Center site. As previously discussed at a Conference in Court on July 13, 2005, discovery issues relating to such office cleaners and asbestos workers inside any building, no matter its location, has very specific discovery aspects and logistical issues distinct from the issues in 21 MC 100. The Court agreed with this rationale and created the separate docket, 21 MC 102, for those workers.

Verizon mistakenly and selectively relies on certain language in Case Management Order No. 3, dated February 7, 2005, in docket 21 MC 100, which predates the creation of Docket 21 MC 102, which included the Verizon building in the definition of the World Trade Center Site, as dispositive of whether cases against Verizon belong in docket 21 MC 100 as distinguished from 21 MC 102. However, counsel for Verizon fails to acknowledge the Court's caveat to that definition:

> "This definition is provided for the sole purpose of construing the provisions of CMO No.3 and may not be utilized or cited by the parties for any other purpose".
>
> CMO No. 3, p. 2, docket 21 MC 100.

This language and the limiting intent of the "definition" promulgated in CMO No. 3, in docket 21 MC 100, was reiterated in CMO No.1, in docket 21 MC 102, dated October 24, 2005. The Court, by creating 21 MC 102, acknowledged the need at this stage of the litigation of a separate docket designation for the sub-group of debris removal and clean-up workers performing services at various locations:

> "…the Court determined, for administrative efficiency, to create 21 MC 102 as a docket for a subgroup of such cases: those brought by debris removal and clean-up workers working in other locations, such as various buildings in Lower Manhattan, including buildings contiguous to the site of the former World Trade Center, and buildings that were not contiguous".
>
> CMO No. 1, p. 2, docket 21 MC 102

Such docket was allowed as being advantageous to "administration, tracking and discovery purposes." (CMO No. 1, 21 MC 102, p.3, cited below). Additionally, as to the issue of any party seeking to add or draw substantive support from the definition of designation of on-site versus off-site, the Court clearly stated its intent:

"No party may draw any legal or related issue conclusion, including without limitation, liability or insurance coverage, by such designation. No party will attach any significance to such designation, other than its inclusion in 21 MC 102 or 21 MC 100 for administrative, tracking and discovery purposes and for all the purposes of this instant CMO or subsequent CMOs addressing discovery and procedural issues, unless further addressed by the Court."

CMO No. 1, p. 3, docket 21 MC 102.

Counsel for Verizon again raised the issue of staying those cases naming Verizon as a defendant in Master Docket 21 MC 102 at the conference held on June 15, 2007. The Court, after argument, did not enlarge the stay to include these cases, and alternatively opines that in the Court's creation of 21 MC 103 its partial reliance (expressed as a basis of the current Verizon motion) on the definition of "on site", as previously expressed in CMO #3 in 21 MC 100 may have been misstated, and determined that there would be neither stay in the 21 MC 102 cases brought against Verizon nor would there be a transfer of cases between Master Dockets 21 MC 100, 21 MC 102, 21 MC 103 without a motion.

The issue whether Verizon's immunity defense encompasses the clean-up workers in Docket 21 MC 102, will require discovery, which has not yet even been scheduled. It is premature at this stage to transfer hundreds of cases from one docket to another.

It is unclear what litigation burdens Verizon believes are so onerous in Docket 21 MC 102. While it is true that Verizon must answer the Check off complaints of two hundred plus plaintiffs, the Court has approved procedures agreed upon by Plaintiffs and Defendants Liaisons which minimizes and simplifies these Answers. The only other discovery which is outstanding is for the defendants to provide insurance information. Presumably, this is not a terribly burdensome undertaking for Verizon.

It is hard to understand how staying the 21 MC 102 cases where Verizon is a defendant "best promotes" the interests of the judicial economy". (Verizon's Memorandum of Law, page 4). If the Verizon cases are stayed, the litigation will still continue against the other defendants and when the stay is lifted, much work will have to be repeated. The only economy that will be promoted will be Verizon's. In that, their legal department need not prepare the answers.

Finally, the suggestion that proceeding with the litigation in Docket 21 MC 102 as it relates to Verizon is an attempt by "plaintiffs [to do] an end-run around the Second Circuit's stay and would undermine the purpose of Verizon's immunity defense" (Verizon's Memorandum of Law, page 7) is preposterous. The creation of Master Docket 21 MC 102 preceded the Second Circuit's stay by over one year.

Dated: New York, New York
      August 3, 2007

                        Respectfully submitted,

                        */s/ Gregory J. Cannata*

                        Gregory J. Cannata, Esq. (GC1835)
                        Attorneys for Plaintiffs
                        The Law Firm Of Gregory J. Cannata
                        233 Broadway, 5th Floor
                        New York, New York 10279
                        Tel.: (212) 553-9205